STATE OF IOWA, Appellant, v. BARBARA DELEVIE, Appellee.

No. 42666.

MAY 14, 1935.

Carl A. Burkman, County Attorney, and Francis J. Kuble, Assistant County Attorney, for appellant.

Walter G. Samuels and Gibson C. Holliday, for appellee.

RICHARDS, J.—On February 10, 1933, an indictment was returned by the grand jury of Polk county charging defendant with "embezzlement" as defined by section 13037 of the 1931 Code, which section is in the following words:

"13037. Embezzlement of mortgaged property. If any mortgagor of personal property or purchaser under a conditional bill of sale, while the mortgage or conditional bill of sale upon it remains unsatisfied, wilfully and with intent to defraud, destroys, conceals, sells, or in any manner disposes of the property covered by such mortgage or conditional bill of sale without the written consent of the then holder of such mortgage or conditional bill of sale, he shall be guilty of larceny and punished accordingly."

Section 13037-c1, an amendment to the foregoing section, enacted in 1929 (Acts 43d General Assembly, chapter 30, section 27), is in the following words:

"13037-c1. Prima facie evidence of disposal. Failure to produce the property specifically described in such mortgage or conditional bill of sale and existing and owned by the mortgagor or debtor at the time it was executed in accordance with the terms thereof, shall be prima facie evidence that the property described in such mortgage or conditional bill of sale has been destroyed, concealed, sold, or otherwise disposed of by the mortgagor or purchaser. Nothing herein contained shall relieve the mortgagee or seller under conditional bill of sale from making demand for satisfaction or return of the property conveyed by such mortgage or conditional bill of sale."

A diamond ring constituted the property alleged to have been embezzled. Upon the trial, at conclusion of plaintiff's evidence, the court sustained defendant's motion for a directed verdict, and entered judgment discharging defendant, from which judgment plaintiff has taken this appeal.

Plaintiff's evidence may be summarized as tending to prove the following facts: On November 21, 1931, defendant purchased the ring in question from the Plumb Jewelry Store (hereinafter referred to as vendor), defendant at the time paying a part of the purchase price and agreeing to pay the balance in monthly installments beginning on December 15, or January 15, thereafter; at the same time a conditional sales contract was executed by vendor and defendant, vendor reserving title until payment of the full purchase price of the ring; at time of purchase defendant was a clerk in a store in Des Moines, near vendor's place of business; some time in the early part of January, 1932, defendant ceased being employed at the store mentioned and ceased living at her previous place of abode in Des Moines, of which facts vendor obtained knowledge on or about January 12, 1932; during January, 1932, and perhaps a short time thereafter, vendor communicated with different persons, by personal inquiry, by letters and a telegram, seeking to learn the whereabouts of defendant without success; vendor made no subsequent efforts to locate defendant and employed no one to seek this information; no communications or letters were addressed or sent by the vendor to defendant, vendor's testimony being that he did

not know where to send such communications; no competent evidence appears in the record as to defendant's whereabouts from January, 1932, to December, 1933, nor as to whether she remained in or departed from Des Moines, or the state of Iowa, excepting that in December, 1933, she was in California; none of the deferred payments on the purchase price of the ring were made by defendant, and vendor received no communication from her; the ring was received by vendor in December, 1933, from an attorney representing defendant in California; the conditional bill of sale remained unsatisfied at the time the indictment was returned.

There is no evidence that the property was destroyed, sold, or in any way disposed of by defendant, nor is any such claim made by plaintiff. The sole remaining issue in this case, when defendant's motion was submitted, was whether defendant had concealed the property wilfully and with intent to defraud. Appellant claims that the court erred in not submitting this issue to the jury.

Considering this alleged error, it is apparent that a finding by the jury that defendant concealed the property and did so wilfully and with intent to defraud could have been based on nothing more than the evidence that vendor did not know and without success tried to learn defendant's whereabouts, and the evidence that the defendant had left her place of employment and residence and did not communicate with vendor nor pay the past-due installments of the purchase price of the ring, and the evidence of the circumstances surrounding the transactions between vendor and defendant, as summarized above.

The particular statute defining the offense with which defendant was charged was amended in 1929, the amendment being section 13037-c1, supra. The evident intent of the legislature in enacting this amendment was to define more definitely the offense, and to establish a rule of procedure. The offense was more fully defined by establishing the necessity for a demand being made by the mortgagee, or the seller under the conditional bill of sale, for a satisfaction of the debt or return of the property constituting the security. A rule of procedure was provided by that part of the amendment which makes the failure to produce the property in accordance with the terms of the instrument prima facie evidence that the property has been destroyed, concealed, sold, or otherwise disposed of by the mortgagor or purchaser. But very evidently the failure to pro-

duce such property, referred to in the amendment, is the failure to comply with a previous demand for its production.

A casual review of chapter 578 of the Code indicates that the legislature has enacted a number of different statutes each creating a different crime of embezzlement, the statutes varying in the elements that constitute the offense. Without reviewing these statutes it may be said that various types of embezzlement have been created to meet the varying situations and rights and duties of the person in possession of property or funds, and to meet the varying characteristics of the rights of others in such property or funds. In our interpretation of section 13037-c1 we assume the legislature took into consideration the fact that the mortgagor or conditional vendor had an ownership in the property constituting the security unrestricted save by the lien for the payment of the debt. It is reasonable to assume that the legislature intended that the owner of the property should be notified by a demand to be made by the creditor, enabling the owner to satisfy the debt or turn over the property, before the creditor can charge the debtor with the commission of a crime. We think such interpretation accords with the genius and spirit of our institutions.

Admittedly no demand whatever was made upon the defendant by vendor. The argument is made by plaintiff that section 13037-c1 is unconstitutional, on various grounds. There is nothing indicating that this question was in any manner raised in or presented to the district court, and it cannot be for the first time considered in this court.

We conclude that the plaintiff did not establish one of the necessary elements of the offense charged, in that no demand was made upon the defendant for the satisfaction of the debt or the return of the property, and that the district court rightly sustained defendant's motion for a directed verdict. There is no necessity to consider the question whether there was sufficient evidence to require submission of the case to the jury but for the amendment of the statute.

The case is affirmed.

ANDERSON, C. J., and MITCHELL, DONEGAN, KINTZINGER, ALBERT, POWERS, and HAMILTON, JJ., concur.